UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KARLOS EVANS ANDREWS, #324665

Petitioner,

v.                                                      2:07CV511

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

On July 28, 2003, in the Circuit Court for the City of Williamsburg and James City County, Virginia, petitioner was convicted of three counts of shooting from a vehicle, three counts of shooting at an occupied law enforcement vehicle, three counts of attempted capital murder, and three counts of use of a firearm.  Petitioner was sentenced to three life sentences, plus 73 years.  Petitioner appealed to the Virginia Court of Appeals, but on February 4, 2004, the appeal was denied by a single judge, and on November 29, 2004, the decision was upheld by a three-judge panel.  Petitioner then appealed to the Supreme Court of Virginia, which denied the appeal on March 18, 2005.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court, but on November 18, 2005, the petition was dismissed.

Petitioner appealed to the Supreme Court of Virginia, which denied the appeal on November 8, 2006.

On November 2, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on December 17, 2007, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges that his counsel was ineffective in that he:

1. Failed to investigate all plausible lines of defense;

2. Failed to conduct a meaningful cross-examination of the Commonwealth's witnesses;

3. Excluded certain avenues of defense for no strategic reason; and

4. Failed to raise proper motions and objections to false testimony.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must

2

construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. <u>See</u> <u>Simons v. Montgomery County Police Officers</u>, 762 F.2d 30, 31 (4th Cir. 1985); <u>Wolford v. Budd Co.</u>, 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422

3

(1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

### B.  The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).  With the passage of the AEDPA, several modifications were made to habeas corpus law.  Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).  However, the AEDPA created a statute of limitation for habeas corpus petitions.  See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375.  The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus.  The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.  See id. § 2244(d)(2).

Judgment was entered against petitioner in the Circuit Court of the City of Williamsburg and James City Count on July 28, 2003. Petitioner appealed his convictions to the Virginia Court of Appeals and then to the Supreme Court of Virginia.  The Court of Appeals denied petitioner's petition for appeal on November 29, 2004, and the Supreme Court of Virginia denied his petition for appeal on March 18, 2005. Petitioner then had ninety days to file a petition for writ of certiorari to the Supreme Court of the United States.  See U.S. S.Ct. Rule 13; see also 28 U.S.C. § 1257.  Judgment against petitioner became final on June 16, 2005, when his time to seek such review by the Supreme Court of the United States expired.

Petitioner then had one year from June 16, 2005, to file his federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1).  Any time in which a state habeas corpus petition was pending would not count as part of the one-year in which petitioner had to file his federal petition.  See id. § 2244(d)(2).  Petitioner filed his state habeas petition on September 15, 2005.  At that point, the one-year limitation period was tolled, with 90 days of the one-year limitation period already having elapsed.  The clock did not start to run again until November 8, 2006, when his state habeas petition was denied.  At that point, petitioner had 275 days, or until August 9, 2007, to file his federal habeas petition.  However, petitioner did not file his federal habeas petition until November 2, 2007, 84 days beyond the statute of

limitations.    Accordingly,   the   petition   is   untimely   and   should   be
DISMISSED.

### C.   Exhaustion and Procedural Default

The   exhaustion   requirement   dictates   that   a   petitioner   must
first present his claims for relief to state courts before a petition for
habeas corpus may be granted by the federal courts.

> (b)(1)   An   application   for   a   writ   of   habeas
> corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted
> unless it appears that--
>
> (A)   the applicant has exhausted the remedies
> available in the courts of the State; or
>
> (B)(i)   there   is   an   absence   of   available
> State corrective process; or
>
> (ii) circumstances exist that render such
> process   ineffective   to   protect   the   rights   of   the
> applicant.
>
> .  .  .  .
>
> (c)   An   applicant   shall   not   be   deemed   to   have
> exhausted   the   remedies   available   in   the   courts   of
> the State, within the meaning of this section, if
> he   has   the   right   under   the   law   of   the   State   to
> raise, by any available procedure, the question
> presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus
must   be   the   same   claim   as   that   presented   in   state   proceedings.   See
Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421
U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir.
1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see
also   Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513
U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.
1997).

Petitioner concedes that he has not presented his claims to the state courts. However, returning to state court with the claims, at this point, would be futile, since they would be deemed time-barred and successive. Therefore, the claims are simultaneously exhausted and procedurally defaulted. Therefore, the claims should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2.  A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                        /s/
                                        James E. Bradberry
                                        United States Magistrate Judge

Norfolk, Virginia

January 24, 2008

8

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

Karlos Evans Andrews, #324664, <u>pro</u> <u>se</u>
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA  23868


Josephine Whalen, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Clerk


By _____
                Deputy Clerk

_____, 2008